**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Carmen Luna,

Plaintiff,

vs.

Michael J. Astrue, Commissioner of Social Security,

Defendant.

CIV 07-719-PHX-MHB

**ORDER**

Pending before the Court is Defendant's motion for remand and in opposition to Plaintiff Carmen Luna's motion for summary judgment (Doc. #27). Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in October 2003. (Tr. at 19.) After denials at the initial and reconsideration levels, a hearing was held before Administrative Law Judge ("ALJ") Ronald C. Dickinson on December 8, 2005. (Tr. at 582-614.) The ALJ denied Plaintiff's claims on January 27, 2006, finding Plaintiff not disabled. (Tr. at 19-26.)

Specifically, the ALJ found that Plaintiff has not engaged in "substantial gainful activity" since March 26, 2003 – her alleged onset date. (Tr. at 25.) The ALJ determined that Plaintiff has the following impairments: multiple injuries status post motor vehicle accident, osteoarthritis of her bilateral knees with pain and limited range of motion, morbid obesity, fluid retention, anxiety with stress, depression, right ulnar neuropathy, and a personality disorder. (Tr. at 20.) He considered these impairments severe, but not severe enough to meet or medically equal any of the impairments listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 25.) The ALJ found that Plaintiff has the residual functional capacity to perform sedentary exertional work with no crawling, crouching, climbing, squatting, kneeling, and use of lower extremities for pushing or pulling.[1] (Tr. at 26.) The ALJ further determined that Plaintiff is limited to unskilled work with only simple reading, writing, and mathematical tasks, and that Plaintiff's past relevant work as a screw sorter did not require the performance of work functions precluded by her medically determinable impairments. (Tr. at 26.) Based on the foregoing, the ALJ concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. (Tr. at 26.)

Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. (Tr. at 14.) On February 9, 2007, the Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner. (Tr. at 10-12.) Plaintiff then commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

On October 16, 2007, Plaintiff moved for summary judgment. (Doc. #17.) Attached to Plaintiff's Statement of Facts in support of her motion for summary judgment is a Notice of Award dated August 20, 2007, indicating that Plaintiff was found disabled and is currently receiving benefits based on a subsequently filed application. (See Pl.'s Statement of Facts, Attach. 1.) The Notice of Award specifies a disability onset date of January 28, 2006 – one day after the ALJ's denial of benefits in the instant case. (See id.)

Based on the Notice of Award issued in the subsequent application, Defendant requested that the Social Security Appeals Council accept voluntary remand of the instant matter to reconcile any conflict between the January 27, 2006 denial of benefits and the August 20, 2007 Notice of Award identifying a disability onset date of January 28, 2006. (See Def.'s Mot. For Remand at 2.) According to Defendant, the Appeals Council agreed

---

[1] "Residual functional capacity" is defined as the most a claimant can do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks. See 20 C.F.R. § 404.1545(a).

to accept voluntary remand to re-assess Plaintiff's mental and physical residual capacity, re-evaluate all of the medical evidence, properly address Plaintiff's obesity, and consider an earlier onset date than the date found in the Notice of Award. (See id. at 2-3.) Defendant, however, filed the instant motion for remand due to the fact that the parties could not agree on the precise terms of remand. (See id. at 2.)

Pursuant to 42 U.S.C. § 405(g), "remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence." Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001). New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination." See id. (quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984)).

As previously set forth, the ALJ denied Plaintiff's claims on January 27, 2006. Plaintiff requested review of the ALJ's decision and, on February 9, 2007, the Appeals Council denied Plaintiff's request rendering the ALJ's decision the final decision of the Commissioner. At some point, Plaintiff re-applied for benefits and was found disabled effective January 28, 2006 – one day after the ALJ's decision in the matter currently pending before the Court.

Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding may constitute new and material evidence. See, e.g., Reichard v. Barnhart, 285 F.Supp.2d 728, 734 (S.D.W.Va. 2003) (holding that an ALJ's decision finding disability commencing less than a week after claimant was found not disabled is new and material evidence). Such evidence is not necessarily preclusive of disability as the application may involve different medical evidence, different time periods, and a different age classification. See Bruton, 268 F.3d at 827. When a disability, however, "is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences, ... the disability onset date might reasonably be

sometime prior to the ALJ's decision [with respect to] the prior applications in view of a subsequent finding of disability." Reichard, 285 F.Supp.2d at 736 n. 9.

The Court does not have the records and, thus, cannot determine if the evidence adduced in the second application consisted of substantially similar evidence or if there were substantial changes in Plaintiff's physical and/or mental condition subsequent to the denial of benefits. Nevertheless, it is clear that while the instant denial of benefits was under review, Plaintiff filed a subsequent application for benefits which was granted – indicating an onset date one day after the initial denial. This finding certainly warrants further consideration as to whether Plaintiff was actually disabled during the period of time relevant to Plaintiff's first application. Furthermore, the Court finds that there is at least a reasonable possibility that evidence supporting disability with an onset date one day removed may be persuasive in changing the outcome in this case. Thus, the Court finds that the subsequent finding of disability constitutes new and material evidence.

Accordingly, in light of the possible inconsistency between the first decision and the subsequent finding of disability related to the second application, this case will be remanded for further consideration and proper resolution of factual issues. See, e.g., Bradley v. Barnhart, 463 F.Supp.2d 577, 580-81 (S.D.W.Va. 2006) (stating that the "Reichard [case] stands for the proposition that an award based on an onset date coming in immediate proximity to an earlier denial of benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim").

For the reasons previously set forth,

**IT IS ORDERED** that Defendant's motion for remand and in opposition to Plaintiff Carmen Luna's motion for summary judgment (Doc. #27) is **GRANTED**; the final decision of the Commissioner is **VACATED**, and this matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings and proper resolution of factual issues to determine whether Plaintiff was disabled on or before January 27, 2006;

**IT IS FURTHER ORDERED** that, in light of the Court's ruling, Plaintiff's Motion for Summary Judgment (Doc. #17) is **DENIED**.

DATED this 23rd day of June, 2008.

Michelle H. Burns
United States Magistrate Judge